IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MALEC, | : | |
| | : | |
| v. | : | 3:07-cv-0864-ARC |
| | : | |
| KOST TIRE & MUFFLER and KOST TIRE | : | |
| DISTRIBUTORS, INC., | : | |
| | : | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Plaintiff Brandon Malec ("Plaintiff"), on his own behalf and on behalf of the class he purports to represent, and Defendant Kost Tire Distributors, Inc. ("Defendant").

WHEREAS, Plaintiff commenced this action by filing in the United States District Court for the Middle District of Pennsylvania a Complaint alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to include commission payments in calculating overtime pay in the manner required by the FLSA and its accompanying regulations; and

WHEREAS, Defendant denies that it failed to properly calculate overtime pay and denies that it violated the FLSA or any other law, rule, or regulation relating to the calculation or payment of overtime benefits for the Plaintiff or any other employee and maintains that it has at all times properly compensated Plaintiff and the proposed class; and

WHEREAS, Plaintiff and Defendant have exchanged information relevant to this action, and such disclosures have enabled each party to understand and assess the substance of their respective claims and defenses; and

WHEREAS, a bona fide dispute exists between Plaintiff and Defendant as to the amount, if any, of overtime wages owed to Plaintiff and the proposed class; and

WHEREAS, Plaintiff and Defendant desire to enter into this Agreement, with the approval of this Court, to fully and finally settle, resolve, and dismiss with prejudice this litigation;

NOW THEREFORE, in consideration of the mutual promises and agreements described herein, it is stipulated and agreed by and between Plaintiff, on behalf of himself and the proposed class, and Defendant as follows:

1.    **DEFINITIONS**

The terms set forth below shall have the following meanings:

1.1    "Approval Date" means the date on which the Court enters an order approving this settlement pursuant to 29 U.S.C. § 216(b).

1.2    "Civil Action" means the above-captioned action.

1.3    "Class Counsel" means Attorney Peter Winebrake of The Winebrake Law Firm, LLC.

1.4    "Class Members" mean all individuals who were employed by Defendant and paid on an hourly basis as Technicians during any time within the Class Period. A list containing the names of all known Class Members, as agreed upon by the Parties after confirmatory discovery by Class Counsel, is attached hereto as Exhibit A.

1.5    "Class Period" means the period from July 1, 2005 up to and including August 30, 2007.

1.6    "Consent Form" means the document attached hereto as Exhibit C.

1.7    "Court" means the United States District Court for the Middle District of Pennsylvania.

1.8    "Defense Counsel" means Attorneys Daniel Brier and Donna Walsh of the law firm of Myers, Brier & Kelly, LLP and Attorney Brian J. Cali.

1.9    "Net Settlement Fund" means the balance of the Settlement Fund after payments have been made from the Settlement Fund for attorneys' fees, litigation costs, costs associated with settlement administration (including the preparation and mailing of the notices and consent forms), and the proposed $2,500 award to Plaintiff. Determination of the Net Settlement Fund is described in Section 5 *infra*.

1.10    "Notice Form" means the document entitled "Collective Action Settlement Notice" and attached hereto as Exhibit B.

1.11    "Opt-In Deadline" means the date by which Class Members must return their Consent Form to the Settlement Administrator. As described in paragraph 3.5 *infra*, the Opt-In Deadline shall be seventy-five (75) days from the Approval Date.

1.12    "Parties" means Plaintiff and Defendant.

1.13    "Released Claims" means (a) with respect to Plaintiff, any and all claims of any nature whatsoever against Released Parties that were asserted or might have been asserted in the Civil Action and all other known and unknown claims against Defendant or Erwin Kost or Defendant's shareholders, owners, agents, officers, representatives and/or employees arising from any event which occurred from the beginning of the world up to and including the date of this Agreement; and (b) with respect to the Settlement Participants, any and all legal claims that were asserted or reasonably may have been asserted against the Released Parties in this Civil Action, including any claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq., Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., or any similar federal, state, or local law, statute, ordinance, regulation, common law, or other source of law.

1.14    "Released Parties" means Defendant and Erwin Kost and all of its subsidiaries and affiliated companies, and in the case of all such entities, their respective officers, directors, shareholders, attorneys, agents, representatives, employees, successors, assigns, and insurers.

3

1.15    "Settlement Administrator" means Settlement Services, Inc., 2032-D Thomasville Road, Tallahassee, Florida 32308, the entity selected by Plaintiff and agreed upon by Defendant to administer the settlement of this matter.

1.16    "Settlement Participants" means all Class Members who timely complete and return a Consent Form in accordance with the procedures and requirements described in Section 3 *infra.*

1.17    "Settlement Fund" means the total amount of the settlement award, as calculated by the Settlement Administrator in the manner described in Section 4 *infra.*

2.    **RECITALS**

2.1    Class Counsel has investigated this Civil Action and consulted with Plaintiff concerning the risks of continued litigation and the benefits of settlement at this stage in the proceedings.  Based on such investigation and consultation, Plaintiff and Class Counsel have concluded that the settlement described in this Agreement is fair, reasonable, and adequate and is in the best interest of Plaintiff and the Class Members in light of all known facts and circumstances, including, *inter alia,* the prospect of significant delay if this Civil Action proceeds through formal discovery and motion practice, the impact of allowing the statute of limitations period to run against the FLSA claims of individual Class Members, and the enhanced settlement participation rate expected by presenting Class Members with Notice Forms in the context of an amicable settlement.

2.2    Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.3    This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by Defendant or any of the Released Parties.  Furthermore, neither this Agreement nor the settlement of this Civil Action shall be used to suggest an admission of liability in any dispute the Parties and/or Class Members may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or

administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

**3.     NOTICE TO CLASS MEMBERS AND THE ENSUING CLAIM PROCESS**

3.1     Within seven (7) days after the Approval Date, Defendant shall provide to the Settlement Administrator a list containing the last known addresses of all Class Members according to Defendant's most current company records.

3.2     Within fourteen (14) days after the Approval Date, the Settlement Administrator shall utilize the National Change of Address Database to confirm and/or update the mailing addresses of all Class Members who are no longer employed by Defendant as of the Approval Date.

3.3     Within twenty-one (21) days after the Approval Date, the Settlement Administrator shall send to each Class Member by first class mail the Notice Form, Claim Form, and a self-addressed, postage-prepaid envelope that the Class Member may use to return the Claim Form.  The Settlement Administrator shall promptly re-mail any envelope returned with a forwarding address.

3.4     Within sixty (60) days of the Approval Date, the Settlement Administrator shall provide to Class Counsel, Defense Counsel, and the Court a declaration of due diligence and proof of mailing with regard to the mailing to Class Members of the Notice Forms and Consent Forms.  This declaration shall identify any Class Members for whom notice packages were returned as undeliverable and for whom efforts to obtain an alternative address failed.

3.5     In order to participate in the distribution of settlement proceeds and be bound by the terms of this Agreement, Class Members must complete and return to the Settlement Administrator the Consent Form on or before the Opt-In Deadline, which shall be set at seventy-five (75) days from the Approval Date, and must be entitled to a monetary recovery under paragraph 4.3 *infra*.  All Consent Forms post-marked on or before the deadline shall be deemed timely.

4.    **DETERMINATION OF THE SETTLEMENT FUND**

4.1    Within ninety (90) days after the Approval Date, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a list identifying all Settlement Participants and with copies of all completed Consent Forms.

4.2    Within one hundred thirty (130) days of the Approval Date, Defendant shall provide to Class Counsel and the Settlement Administrator the following payroll data for every workweek in which each Settlement Participant worked during the Class Period: (a) the total hours worked; (b) the regular hourly rate of pay; (c) the total bonus, commission, and other payments received; and (d) the total compensation received for the workweek. Defendant shall use its best efforts to provide this data in a format that is convenient for the Settlement Administrator.

4.3    Within one hundred fifty (150) days of the Approval Date, the Settlement Administrator shall identify each Settlement Participant who, during at least one workweek within the Class Period, both (i) worked over 40 hours and (ii) earned commissions and/or bonus payments. For each individual so identified, the Settlement Administrator shall determine a preliminary payment amount equaling the difference between (a) his/her compensation for hours actually worked during the Class Period, as determined using the overtime pay calculation method described in 29 C.F.R. §778.117 and the Department of Labor's FLSA Overtime Calculator Advisor and as set forth in the accompanying Collective Action Settlement Notice and (b) his/her actual compensation for hours actually worked during the Class Period. In determining the hours actually worked and the payment for hours actually worked for purposes of calculating the preliminary payment amount, the Settlement Administrator shall disregard holiday, vacation, sick leave, or other leave time credits or payments received by the Settlement Participant. The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list showing the preliminary payment amounts for each Settlement Participant. Class Counsel and Defense Counsel shall thereafter have twenty (20) days to object to the preliminary

payment amounts determined by the Settlement Administrator.  Class Counsel, Defense Counsel
and the Settlement Administrator shall thereafter work together in good faith to resolve any
objections or disputes concerning preliminary payment amounts.

   4.4  The Settlement Fund shall be the combined, aggregate total of the amounts
described in paragraph 4.3 *supra* for all Settlement Participants.  Within one hundred ninety
(190) days of the Approval Date, the Settlement Administrator shall apprise the Court, Class
Counsel, and Defense Counsel of the total Settlement Fund amount.

**5.**  **DETERMINATION OF THE NET SETTLEMENT FUND**

   5.1  Within one hundred ninety-five (195) days after the Approval Date, the
Settlement Administrator shall provide the Court, Class Counsel, and Defense Counsel with a
description of all monies owed to the Settlement Administrator for settlement administration fees
and expenses (including printing and postage expenses).  The reported amount shall include all
previously incurred fees and expenses *plus* a flat fee representing the Settlement Administrator's
binding, good faith estimate of all future settlement administration fees and expenses.  All such
expenses are to be paid out of the Settlement Fund.

   5.2  Within two hundred (200) days after the Approval Date, Class Counsel shall file
with the Court a petition for the recovery from the Settlement Fund of reasonable attorney's fees
and litigation expenses.  The determination of Class Counsel's recovery of fees and expenses
shall be made by the Court pursuant to 29 U.S.C. § 216(b), and neither this Agreement nor the
settlement of this Civil Action is contingent upon the Court's determination as to the
reasonableness of the fee.  All such attorney's fees shall be paid out of the Settlement Fund.

   5.3  Within two hundred (200) days after the Approval Date, Class Counsel shall file
with the Court a petition seeking the approval of a $2,500 payment from the Settlement Fund to
Plaintiff to compensate him for his unique legal claim, which Defendant continues to dispute and
deny, that he was required to work through unpaid lunch breaks during his employment at
Defendant's Towanda, Pennsylvania location and in recognition for his service to Class
Members.  This payment, if approved by the Court, shall be in addition to any payments made to

Plaintiff pursuant to Section 6 *infra.* Neither this Agreement nor the settlement of this Civil Action is contingent upon the Court's approval of this $2.500 payment to Plaintiff. If the Court awards any such payment to Plaintiff, it shall be paid out of the Settlement Fund.

      5.4    Within fourteen (14) days after entry of the Court's order determining Class Counsel's reasonable attorney's fees and litigation expenses and Plaintiff's entitlement to an individual award, Defendant (i) shall deliver to Class Counsel a check payable to "The Winebrake Law Firm, LLC" in the amount of the Court-awarded attorney's fees and litigation expenses; (ii) shall deliver to Class Counsel a check payable to "Brandon Malec" in the amount of $2.500 or such other amount, if any, approved by the Court; and (iii) shall deliver to the Settlement Administrator a check payable to "Settlement Services, Inc" in the amount of the total past and future settlement administration expenses reported pursuant to paragraph 5.1 *supra.*

      5.5    Within Thirty (30) days after entry of the Court's order determining Class Counsel's reasonable attorney's fees and litigation expenses and Plaintiff's entitlement to an individual award, the Settlement Administrator shall modify the preliminary payment amounts described in paragraph 4.3 *supra* by reducing each preliminary payment amount on a *pro rata* basis to reflect the reductions to the Settlement Fund for attorney's fees, litigation expenses, Plaintiff's individual payment, if any, and settlement administration expenses. The Settlement Administrator shall provide Class Counsel and Defense Counsel with a report specifying each Settlement Participant's modified payment amount.

## 6.    <u>PAYMENTS TO THE SETTLEMENT PARTICIPANTS</u>

      6.1    Within fourteen (14) days after receiving the report described in paragraph 5.5 *supra*, Defendant shall issue checks payable to each Settlement Participant and shall deliver such checks to the Settlement Administrator. The Parties recognize and agree that all payments to Settlement Participants under this Agreement constitute taxable income. Accordingly, each check shall be in the amount specified by the Settlement Administrator pursuant to paragraph 5.5 *supra*, less all ordinarily withheld income and payroll taxes and other reductions. Each payment to each Settlement Participant will be reported as wages for tax purposes, and each Settlement

Participant will receive an IRS Form W-2 reflecting his/her settlement payment. Defendant shall be responsible for calculating and withholding all applicable taxes and reductions and for the independent payment of the employer's share of Social Security taxes, Medicare taxes, and any other taxes ordinarily borne by the employer.

6.2    Payments made under this Agreement are not intended to and will not: (a) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (b) count as earnings or compensation with respect to; or (c) be considered to apply to, or be applied for purposes of, Defendant's bonus, pension, and retirement programs or 401(k) plans maintained by Defendant or any of its subsidiaries. Defendant retains the right, if necessary, to modify the language of their benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

6.3    Within seven (7) days after receiving the settlement checks from Defendant, the Settlement Administrator shall send to each Settlement Participant his/her settlement check by first-class mail. The Settlement Administrator shall promptly re-mail any envelope returned with a forwarding address after making all reasonable efforts to determine the whereabouts of the Settlement Participant.

6.4    Within thirty (30) days after mailing the settlement checks, the Settlement Administrator shall provide to Class Counsel, Defense Counsel, and the Court a declaration of due diligence and proof of mailing with regard to the mailing of settlement checks to Settlement Participants. This declaration shall include, *inter alia*, a list of Class Members for whom checks were returned as undeliverable and for whom efforts to obtain an alternative address failed.

6.5    The face of each check sent to Settlement Participants shall clearly state that the check must be cashed within 90 calendar days, and Settlement Participants shall have 90 calendar days after mailing of the settlement checks to cash their settlement checks. If any

9

Settlement Participant does not cash his/her check within that 90-day period, such checks will be void, a stop-pay notice will be placed, and the settlement proceeds shall revert to Defendant.

7.    **RELEASES**

7.1    Upon the negotiation of a settlement check, each Settlement Participant shall be deemed to, and shall have, fully and finally released and discharged all Released Parties with respect to all Released Claims.

8.    **DUTIES OF THE PARTIES TO OBTAIN COURT APPROVAL**

8.1    In connection with the approval by the Court of the Agreement, Class Counsel and Defense Counsel shall jointly submit a proposed final order and judgment: (a) approving the Agreement as fair, reasonable, and adequate under 29 U.S.C. § 216(b); (b) dismissing the Civil Action on the merits and with prejudice as to Plaintiff and all Settlement Participants; and (c) retaining jurisdiction to enforce the terms of the Agreement.

9.    **PARTIES' AUTHORITY**

9.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

9.2    All Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared and executed this Agreement.

10.    **MUTUAL FULL COOPERATION**

10.1    The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

10.2    Neither Defendant nor any of its affiliates, officers, managers, or agents shall engage in activities or make any representations (either verbally or in writing) that are aimed at discouraging Class Members from participating in this settlement.  Moreover, upon execution of this Agreement, Defendant shall affirmatively inform its store managers that they are not

permitted to communicate with Class Members concerning the advisability of participating in the settlement.  Nothing contained herein shall prohibit or prevent Defendant or any of its employees, including store managers, from conversing with or answering any questions posed by current or former employees concerning the manner in which their wages were or are calculated or paid or any other matters affecting their employment.

**11.    SETTLEMENT OF DISPUTES**

11.1    All disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court.

**12.    MODIFICATION**

12.1    This Agreement and its attachments may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties and approved by the Court.

**13.    ENTIRE AGREEMENT**

13.1    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

**14.    CHOICE OF LAW/JURISDICTION**

14.1    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the Court.  This Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

**15.    COUNTERPARTS**

15.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**16.    VOIDING THE AGREEMENT**

16.1    If this Agreement does not obtain judicial approval for any reason, it shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

**IN WITNESS WHEREOF**, the undersigned have duly executed this Agreement as of the date indicated below:

Dated:  December 17, 2007          _____
                                   Brandon Malec, Plaintiff

Dated:  December 17, 2007          _____
                                   Peter Winebrake, Esq.
                                   The Winebrake Law Firm, LLC
                                   Twining Office Center
                                   715 Twining Road, Suite 114
                                   Dresher, PA 19025
                                   (215) 884-2491/(570) 343-4308

12

12/18/2007  12:02    5705873989                    KOSTTIRE                                      PAGE  01/01
570 342 6147         Myers, Brier, & Kelly, L                          08:57 13 a.m.    12 14 2007      10/10

Dated: December __, 2007

Defendants' Corporate Representative
PRESIDENT

Dated: December 18, 2007

Daniel T. Brier, Esq.
Donna Walsh, Esq.
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 207-3665

Brian J. Cali, Esq.
103 East Drinker Street
Dunmore, PA 18512
(570) 344-2029

13

**Exhibit A**

| NO | EMLAST | EMFRST | EMMID |
|----|--------|--------|-------|
| 1 | DAVIS | DOUGLAS E. | |
| 2 | STACKHOUSE | ROBERT F. | |
| 3 | GROSEL | DAVID J. | |
| 4 | FRITSCH, JR. | ROBERT P. | |
| 5 | JASULEVICZ | MICHAEL E. | |
| 6 | JONES | RANDY | |
| 7 | CONOVER | ROBERT E. | |
| 8 | MYERS | MATTHEW R. | |
| 9 | DODSON | VINCENT | |
| 10 | RIXFORD | FRANK L. | |
| 11 | O'SHEA | JOHN H | |
| 12 | KUROSKY | JEFF F. | |
| 13 | LAVALLEY | DWAYNE M. | |
| 14 | DELEO | ROBERT P | |
| 15 | PEARSON | JEFFERY W. | |
| 16 | MAGNER | MATTHEW C. | |
| 17 | GRAHAM | WILLIAM B. | |
| 18 | STAPLES | RYAN R | |
| 19 | YEAGER | MICHAEL R | |
| 20 | DRASS | HENRY G. | |
| 21 | SPILLAR | MARK | |
| 22 | QUICK | MICHAEL | |
| 23 | LUGIANO | RONALD | |
| 24 | KRAUSS | DONALD R. | |
| 25 | NOVAK | MIKE | |
| 26 | DODSON | MARCUS A. | |
| 27 | DEMUND | MATTHEW A. | |
| 28 | MANCUSO | MICHAEL | |
| 29 | HUNSINGER | DAVID | R |
| 30 | WADE | ALEC | R |
| 31 | VANDERMARK | KENNETH | M |
| 32 | ALTIERI III | CARMINE | |
| 33 | HOWELLS | DAVID | M |
| 34 | GLASER | NICHOLAS | J |
| 35 | CORTAZAR | LOUIS | |
| 36 | PRINCE | ALAN | D |
| 37 | STONE | CHRISTOPHER | A |
| 38 | GARAFOLA | JAMES | A |
| 39 | TUR | JOSEPH | H |
| 40 | DROB, JR | THOMAS | J |
| 41 | GROMEL | MATTHEW | G |
| 42 | MCCAFFERTY | BOB | R |
| 43 | MILLER | JEREMY | |
| 44 | ALTIERI | CHRISTOPHER | J |
| 45 | COOK | JOHN | |
| 46 | DINNING | DONALD | P |
| 47 | THOMAS | COREY | S |
| 48 | BOYER | MARK | E |
| 49 | KLEES | TIMOTHY | |
| 50 | NIERATKO | JASON | |
| 51 | BARNEY | DARRYL | L |

| 52 | RYCE | KEVIN | W |
|---|---|---|---|
| 53 | MORAN | FERNANDO | |
| 54 | BENNETT | ANDREW | P |
| 55 | SMITH | ANTHONY | M |
| 56 | PALERMO | FRANK | E |
| 57 | MASKER | HENRY | J |
| 58 | GRELLA | JOHN | C |
| 59 | LAVALLEY | CODY | C |
| 60 | CAPELLI | VINCENT | A |
| 61 | ENSLIN | RANDALL | R |
| 62 | ANTALL | EDWARD | G |
| 63 | KIPP | DAVID | E |
| 64 | WALLACE | MARK | D |
| 65 | HICKS | JASON | M |
| 66 | MCKECHAN | KEVIN | M |
| 67 | PARESE | JOHN | A |
| 68 | BELK | PHILIP | J |
| 69 | FINK | ROBERT | L |
| 70 | BOREM | STANLEY | T |
| 71 | FATHI | JONATHAN | F |
| 72 | GARAFOLA | MATHEW | |
| 73 | GONZALEZ | JOSEPH | A |
| 74 | DAVIS | BRIAN | L |
| 75 | DOTY | ROBERT | W |
| 76 | MATTHEW | MICHAEL | D |
| 77 | RUSSELL | JOSEPH | W |
| 78 | JACUKOWICZ | STEPHEN | M |
| 79 | CONFERE | RICHARD | L |
| 80 | HAGAN | CHRISTOPHER | J |
| 81 | SANTOS | CARLOS | R |
| 82 | GREEN | ERIC | S |
| 83 | ACKROYD | MATTHEW | J |
| 84 | HATFIELD | JOSHUA | L |
| 85 | RICHARDS | CODY | A |
| 86 | ELDRED | ANDY | S |
| 87 | GROSS | LARRY | D |
| 88 | DRESSLER, SR | SEAN | P |
| 89 | SHAFFER | WALTER | E |
| 90 | CROTSLEY | JASON | W |
| 91 | BRION, JR | RONALD | E |
| 92 | BOUCHARD | KEVIN | E |
| 93 | SPOLAR | ROCKY | M |
| 94 | WINKELMAN | JASON | A |
| 95 | HERNANDEZ | PEDRO | J |
| 96 | HARRINGTON, IV | JOHN | D |
| 97 | ANDERSON | BRUCE | A |
| 98 | LOIZZI | JOSEPH | L |
| 99 | LYNCH, JR | RALPH | E |
| 100 | SHOWERS, JR | WILLIAM | C |
| 101 | MULKERIN | MATTHEW | J |
| 102 | OWEN | JASON | K |
| 103 | CARLISLE | KEITH | |

| 104 | KRAUSS | GREGORY | M |
| 105 | KIMMEL | ROBERT | J |
| 106 | HUNSICKER | JAMES | P |
| 107 | HERSH | BRIAN | J |
| 108 | CASELLA | EDWARD | J |
| 109 | KERSEY | JAMES | T |
| 110 | STERLING | ANTHONY | A |
| 111 | WOLFE | GERALD | |
| 112 | SCALZITTI | JASON | L |
| 113 | FRITZ | CHAD | E |
| 114 | BRACKEVA | SIMON | |
| 115 | BENFER | BRIAN | K |
| 116 | SWANSON | RUSSELL | |
| 117 | SCOTT | JOSEPH | K |
| 118 | DODGE | JAMIE | D |
| 119 | PADDLEFORD | JASON | R |
| 120 | TAKACS | JAMES | C |
| 121 | WEIKLE | WILLIAM | H |
| 122 | BOYKO | JEREMY | |
| 123 | MCELLIGOTT | MARTY | J |
| 124 | ADAMS | DENNIS | A |
| 125 | GREENWICH | JOSEPH | W |
| 126 | MISCAVAGE | ANTHONY | L |
| 127 | PASSMORE | JAMES | H |
| 128 | BLACK | AARON | W |
| 129 | NOWINSKI | JASON | F |
| 130 | SHAVER | JASON | L |
| 131 | ABUELHAWA | MAHMOUD | T |
| 132 | ROSSI | STEVEN | |
| 133 | SYLVIA | JOHN | K |
| 134 | ALFINITO | GREGORY | J |
| 135 | SWARTZ | CHAD | O |
| 136 | BONETT | BAUTISTA | L |
| 137 | MALEC | BRANDON | M |
| 138 | SPERLAZZO | ANGELO | M |
| 139 | SANISCALCHI | ROBERT | P |
| 140 | MURPHY | AARON | |
| 141 | FORTIN | CRAWFORD | |
| 142 | MIOZZI | JAMES | M |
| 143 | VILLANI | GREGORY | M |
| 144 | CARPENTER | JOSHUA | D |
| 145 | SCHMITT | WILLIE | J |
| 146 | GARRETT | THOMAS | J |
| 147 | GRABIN | TYLER | J |
| 148 | WARNACK | CRAIG | L |
| 149 | VEGA | JULIO | C |
| 150 | ORTIZ | ANGEL | M |
| 151 | SIMS | JAMES | L |
| 152 | ADAMS | CHRISTOPHER | L |
| 153 | LONG | MICHAEL | G |
| 154 | O'HARA | JOHN | P |
| 155 | GOTTSTEIN | ADAM | D |

| | | |
|---|---|---|
| 156 BENSON | JUSTIN | J |
| 157 RANDELL, JR | THOMAS | P |
| 158 AVERY, JR | RICHARD | D |
| 159 JAMES | CRAIG | A |
| 160 LOMEO | JOSEPH | J |
| 161 DEUERLEIN | JULIAN | B |
| 162 ROMERO | JOSE | S |
| 163 MILLER | KYLE | E |
| 164 DIBBLE | MICHAEL | W |
| 165 SADLER | CREED | |
| 166 JACKSON | ROBERT | E |
| 167 RUIZ | HERMELINDO | |
| 168 EBY | AARON | M |
| 169 BROWN | ANTHONY | T |
| 170 BROWN | CAMERON | T |
| 171 POTELUNAS | ROBERT | J |
| 172 STAMM, JR | ROBERT | T |
| 173 HYDE | FRANCIS | P |
| 174 ROMERO | JORGE | |
| 175 ROOSA | RYAN | J |
| 176 SEGARRA | MIGUEL | A |
| 177 WHITEHOUSE | CHARLES | J |
| 178 BANKES | ROGER | F |
| 179 IDE | JESSE | R |
| 180 MOSER | TODD | L |
| 181 QUICK, JR | ARTHUR | D |
| 182 BAILEY | EARL | |
| 183 LONG | CHRISTOPHER | M |
| 184 HILL | JERRY | |
| 185 TOMLINSON | LEROY | E |
| 186 MYERS | PATRICK | J |
| 187 GUZMAN | JOSE | L |
| 188 DELLAVECCHIA | DOMINIC | J |
| 189 ROBB | CLIFFORD | P |
| 190 HELLER | TRAVIS | J |
| 191 PUNKO, II | THOMAS | W |
| 192 REICHENBACH | DERRICK | S |
| 193 POLITES | ROBERT | T |
| 194 PALCHANIS | DAVID | J |
| 195 HARR | FRANCIS | E |
| 196 WENNINGER | DAVID | |
| 197 TARBELL | JOHN | J |
| 198 MARSHALL | RYAN | L |
| 199 CALVERT | THOMAS | J |
| 200 FAIR | MARK | S |
| 201 CALERO | BRIAN | |
| 202 SMITH | ROBERT | A |
| 203 EVELAND, JR | MONTE | E |
| 204 RUSHNOCK | DENNIS | E |
| 205 FIDLER | STEVEN | T |
| 206 GEIGER, JR | KARL | A |
| 207 HALL | CASEY | R |

| | | |
|---|---|---|
| 208 SISSON | RONALD | T |
| 209 MULCAHY | RYAN | M |
| 210 GEHR | JEFFREY | M |
| 211 BLACK | KENNETH | J |
| 212 FARRELL, JR | JOHN | A |
| 213 DESTEFANO | IAN | W |
| 214 ROTH | RUDY | J |
| 215 JENKINS | JEFFREY | V |
| 216 WELDY | SEAN | M |
| 217 BISBING, JR | CHARLES | F |
| 218 BONITZ, JR | JAMES | P |
| 219 FAY | JAMES | S |
| 220 DOUGHER, JR | KEVIN | |
| 221 CIVALE | CHRISTOPHER | M |
| 222 EDWARDS | BERNARD | M |
| 223 TERRACIANO | MICHAEL | A |
| 224 GONZALEZ | MATTHEW | L |
| 225 TAYLOR | SHAWN | M |
| 226 MALINOWSKI | BRIAN | P |
| 227 SIMON | JEFFREY | J |
| 228 MERRITT | JAYSON | |
| 229 RAMIL | DAVID | S |
| 230 MENDEZ | ELIUD | A |
| 231 RITTENHOUSE, JR | MARK | W |
| 232 SIERP | RANDY | J |
| 233 OLSEN | MICHAEL | C |
| 234 WALLACE, JR | ROBERT | B |
| 235 DOWNS | STEVEN | P |
| 236 CHAPLAIN | MATTHEW | E |
| 237 LOMAURO | STEPHEN | H |
| 238 GONZALEZ | JOSEPH | J |
| 239 CARPENTER | TODD | M |
| 240 BUSKIRK | MARK | J |
| 241 MILLER | JAMES | J |
| 242 MRVICA | JOHN | |
| 243 SCARELLA | MICHAEL | A |
| 244 BYRNE | DONALD | J |
| 245 FELL | ROBERT | D |
| 246 ZINDLE, JR | WALTER | E |
| 247 HUDAK | JOSEPH | A |
| 248 BARRY | DANIEL | P |
| 249 LINGLE | CARL | R |
| 250 NOBLE | RYAN | L |
| 251 BRAUN | ERIC | M |
| 252 HARING | ANTHONY | D |
| 253 DAVIS | RYAN | C |
| 254 TORRES | EDWIN | |
| 255 DECKER | BRIAN | S |
| 256 NEIGHBORS | MARK | A |
| 257 MERRITT | SAMUEL | C |
| 258 CAMPBELL | WILLIAM | S |
| 259 CARTER | TIMOTHY | J |

| 260 | VERHAGE | JAMES | M |
|-----|---------|-------|---|
| 261 | TRIVELPIECE | MARK | A |
| 262 | HALL, SR | JOSEPH | J |
| 263 | SANDOR | SHAWN | |
| 264 | DESANTIS | VICTOR | J |
| 265 | FERNANDEZ | JOSH | A |
| 266 | MCCLINTOCK | MITCHELL | W |
| 267 | GUMAN | JUSTIN | D |
| 268 | SROKE | CLINT | E |
| 269 | SUPINO | JOSEPH | E |
| 270 | MARRERO | SEAN | |
| 271 | BENJAMIN | BRUCE | A |
| 272 | HENGST, III | MERVIN | L |
| 273 | BERGEN | RONALD | |
| 274 | FINK | ROBERT | L |
| 275 | SCHLOSS | ROY | S |
| 276 | PERCHAYLO | STEVEN | G |
| 277 | WILKIE | DARRYLL | E |
| 278 | WALKER, JR | DONALD | E |
| 279 | CABRERA | ANGEL | L |
| 280 | MELENDEZ | ANGELO | F |
| 281 | MILLER | DONALD | L |
| 282 | ENSLIN | DAVID | A |
| 283 | ALVAREZ | MIGUEL | A |
| 284 | HIBBARD | PETER | H |
| 285 | NAPOLITAN | STEPHEN | J |
| 286 | LAYAOU | EDWARD | B |
| 287 | GOWIN | SHAWN | |
| 288 | RANCK, JR | RAYMOND | J |
| 289 | MATSKO | KENNETH | J |
| 290 | DEPRIMO | MARK | D |
| 291 | JUICE | MARK | J |
| 292 | BELL | DAN | J |
| 293 | PROPPE | DEVIN | M |
| 294 | FAMA | JOSEPH | S |
| 295 | MYERS | JAMES | D |
| 296 | HUGHES, JR | WILLIAM | A |
| 297 | SUTULA | DENNIS | J |
| 298 | PECK, JR | DAVID | M |
| 299 | LEMMERMANN | DENNIS | A |
| 300 | BROWN | CHRISTOPHER | G |
| 301 | BRATSZTEIN | JOSEPH | R |
| 302 | ROBINSON | JARED | W |
| 303 | REIDY | SHAWN | M |
| 304 | TAKACS | BRIAN | J |
| 305 | RAMIREZ | ANDREW | S |
| 306 | RUSSELL, JR | JOSEPH | R |
| 307 | SCARFO | GREGORY | P |
| 308 | WALKER | JAMES | D |
| 309 | MARTIN | MATTHEW | T |
| 310 | ANDREYEN | BORIS | V |
| 311 | CONKLIN | CHRISTOPHER | L |

| | | |
|---|---|---|
| 312 SCHELL | EDWARD | A |
| 313 CHMIELNICKI, JR | THADDEUS | L |
| 314 KRACH | PAUL | W |
| 315 CHRISTIE | JEFFRY | T |
| 316 CAMPOS | GERARDO | |
| 317 PANKEVITCH | CHARLES | K |
| 318 HAZELTON | EDWARD | M |
| 319 RICK | CHRISTOPHER | J |
| 320 GACEK | PATRICK | J |
| 321 WILLIAMS | SHAIN | T |
| 322 IVEY | WILLIAM | J |
| 323 MAZZARELLA | MICHAEL | A |
| 324 PILGER | DAVID | M |
| 325 RITTENHOUSE | BRIAN | G |
| 326 REID | MATTHEW | G |
| 327 WILLIAMS | DARREN | L |
| 328 MYERS | JEFFREY | L |
| 329 LEDOUX | RAYMOND | E |
| 330 CALCAINE | TOMMY | |
| 331 JORDAN | PATRICK | T |
| 332 SCHOFIELD | JOHN | P |
| 333 NASTANSKI | JERRY | J |
| 334 LETTS | JEFFREY | R |
| 335 VIGUERAS | STEPHEN | K |
| 336 NIEMIEC | JOSEPH | A |
| 337 WHEELIS | NICHOLAS | R |
| 338 ROBINSON | LEVAR | D |
| 339 WASCH | GUILFORD | M |
| 340 MITCHELL | JAMES | L |
| 341 HOWELL | MARK | J |
| 342 CAMPOS | MELVIN | |
| 343 ARVONIO | ROBERT | J |
| 344 BRADY | WILLIAM | |
| 345 ELY | CURTIS | J |
| 346 CONTI | BRUCE | A |
| 347 LIVITZIS | PANAGIOTIS | |
| 348 MINNICK | MARK A | |
| 349 HOWELLS | JEFFREY D. | |
| 350 TRAPANE | CHRISTIAN N | |
| 351 GUTJAHR | W. THOMAS | |
| 352 SANTORY | HARRY | A |
| 353 DANGLER | STEPHEN | A |

**Exhibit B**

*[insert date]*

## COLLECTIVE ACTION SETTLEMENT NOTICE

### Brandon Malec v. Kost Tire & Muffler, et al., 3:07-cv-00864-ARC (M.D. Pa.)

***This notice has been authorized by the United States District Court.***
***This is not a solicitation from a lawyer.***

**IF YOU HAVE BEEN EMPLOYED BY KOST TIRE & MUFFLER DURING ANY TIME SINCE JULY 1, 2005 AS AN HOURLY TECHICIAN, YOU ARE ENTITLED TO SEEK A POTENTIAL MONETARY AWARD FROM A COLLECTIVE ACTION SETTLEMENT.**

| 1. | Why did I get this Notice package? |
|---|---|

This Notice addresses the settlement of a collective action lawsuit entitled <u>Brandon Malec v. Kost Tire & Muffler, et al.</u>, 3:07-cv-00864-ARC, and explains how you may be eligible to participate in the settlement. The Lawsuit was filed by a former Kost Tire & Muffler technician ("The Plaintiff") in the United States District Court for the Middle District of Pennsylvania on behalf of himself and other technicians employed by Kost Tire & Muffler ("Kost") who were paid on an hourly basis and worked more than 40 hours per week in any week in which they earned commissions.

*YOU ARE ELIGIBLE TO SEEK A POTENTIAL RECOVERY UNDER THE SETTLEMENT IF YOU RECEIVED THIS NOTICE DIRECTLY THROUGH THE MAIL IN AN ENVELOPE ADDRESSED TO YOU. PLEASE CALL (866) 440-9243 IF YOU HAVE ANY QUESTIONS REGARDING WHETHER YOU ARE COVERED BY THIS SETTLEMENT.*

*AS DISCUSSED IN SECTION 3 BELOW, YOU MUST COMPLETE AND RETURN THE ENCLOSED CONSENT FORM IN ORDER TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A MONETARY PAYMENT.*

| 2. | What is the Lawsuit about? |
|---|---|

Kost employed a number of technicians at its Pennsylvania locations during the period from July 1, 2005 to September 30, 2007. During workweeks in which technicians worked over forty hours, the technician's gross weekly earnings for hours actually worked (i.e. exclusive of vacation, holiday, personal and other leave time) equaled the sum of: regular pay equaling forty hours multiplied by the Technician's regular hourly rate of pay *plus* overtime pay equaling all hours worked over forty multiplied by an overtime pay rate of one-and-one-half-times the regular hourly pay rate *plus* any bonus,

commission, or other payments not directly related to the number of hours worked. Thus, if a technician made $10 per hour and he worked 50 hours during a workweek and he received $100 in commission or bonus payments for the workweek, his weekly compensation was calculated as follows:

| | |
|---|---|
| Regular Pay: | $400  ($10 per hour X 40 hours) |
| Overtime Pay: | $150  ($15 per hour X 10 hours) |
| Commission/Bonus Pay: | $100 |
| **Total:** | **$650** |

Notice that, in the above example, the technician's overtime pay rate of $15 per hour was determined by multiplying his regular hourly wage of $10 per hour by a factor of 1.5. This is commonly referred to as the "time-and-one-half" overtime pay rate.

***This Lawsuit challenges the manner in which Kost calculated time-and-one-half overtime pay.*** The Lawsuit alleges that, when calculating overtime under federal wage regulations, Kost was required to use a regular hourly wage that was enhanced by the weekly commission and bonus payments. This, in turn, would result in an enhanced overtime pay rate. To exemplify, we turn again to the technician who made $10.00 per hour, worked 50 hours during a workweek, and received $100 in commission or bonus payments for the workweek. According to the Lawsuit, the technician's time-and-one-half overtime pay rate should have been **$18** per hour instead of the $15 per hour used by Kost. This is because, according to the Lawsuit, the technician's regular hourly rate of pay must be calculated by dividing the sum of his total regular pay *and* his commission/bonus payment by all hours worked in the workweek. In other words, the technician's regular hourly wage would equal $12 per hour, determined as follows:

$$\frac{\$500\ (\$10\ X\ 50\ hrs) + \$100}{50\ hrs.}$$

Under the above calculation method, the technician's time-and-one-half overtime rate is determined as follows:  $12 per hour X 1.5 = **$18 per hour.** Thus, the technician's weekly compensation (including commissions) is calculated as follows:

| | |
|---|---|
| Regular Pay: | $480  ($12 per hour X 40 hours) |
| Overtime Pay: | $180  ($18 per hour X 10 hours) |
| **Total:** | **$660** |

In sum, according to the Lawsuit, the above technician has been underpaid by **$10** for the single workweek described above.

| | |
|---|---|
| **2.** | **What does the settlement provide and how much will I be paid?** |

The Plaintiff and Kost have agreed to a settlement under which Kost will recalculate the overtime pay for eligible employees for ***all*** workweeks in which they were employed as

technicians **from July 1, 2005 to September 30, 2007 and in which they earned a commission and/or bonus and worked for more than 40 hours**. If you participate in the settlement, a Third Party Administrator approved by the Federal Court will review your payroll information to determine whether you are entitled to an amount of money equaling the difference between the amount of overtime pay you actually received for hours actually worked from July 1, 2005 to September 30, 2007 and the amount of overtime pay you would have received under the compensation method advocated by the Lawsuit and summarized in Section 1 above. This amount will then be reduced by a percentage to be approved by the Federal Court to (i) compensate Plaintiff's lawyer for attorney's fees and litigation expenses, (ii) compensate the Third Party Administrator for settlement administration expenses, and (iii) compensate the Plaintiff for his alleged individual claim and/or for his service to Class Members. This amount also will be reduced by income and payroll taxes and applicable withholdings.

On _____, 2007, the Federal Judge presiding over the Lawsuit approved the settlement as "fair, reasonable, and adequate." You can view a copy of the Federal Judge's Order approving the settlement as well as a complete copy of the settlement agreement by logging on to **www.winebrakelaw.com** and clicking the "Auto Technician Settlement" icon. If you do not have access to the internet, you can telephone Plaintiff's lawyer toll free at 866-440-9243 to request copies of these documents.

If you choose to participate in the settlement and are entitled to receive a settlement payment, you will receive a settlement check in the mail. Because your payout constitutes back wages, Kost will withhold all applicable income and payroll taxes and withholdings from any amount which you are eligible to receive.

| | |
|---|---|
| **3.** | **How can I receive a payment?** |

**You must complete and timely submit the attached <u>CONSENT FORM</u> to be eligible to receive a payment from the settlement fund. The Consent Form must be postmarked on or before [*INSERT DATE IN ALL CAPS*] to be considered timely.**

| | |
|---|---|
| **4.** | **Does the settlement mean that Kost violated the law?** |

Kost denies that it violated the law with respect to the overtime wages paid to you and other technicians. However, Kost has decided that it is a better use of its resources to resolve the lawsuit now, so that it can direct its time and resources to its business operations and, thereby, to the welfare of all of its employees.

| | |
|---|---|
| **5.** | **Why is there a settlement?** |

The Plaintiff and Kost agreed to settle the Lawsuit. The lawyers for the Plaintiff and Kost negotiated the terms of the settlement. The Plaintiff's lawyer believes the proposed settlement is fair and reasonable and in the best interest of Plaintiff and other technicians because the settlement creates a settlement fund and avoids the considerable risks and delays involved in continuing the Lawsuit. From Kost's perspective, settling now means that they do not have to keep spending money, time, and effort on the Lawsuit.

| 6. | When will I receive my settlement payment? |
|----|--------------------------------------------|

Absent unforeseen delays, the Parties currently anticipate that employees who elect to participate in the settlement will receive their checks on or before [*insert date*]

| 7. | What do I give up to receive a payment? |
|----|------------------------------------------|

By accepting payment, you agree that you have waived and released Kost and all of its corporate affiliates from any and all claims relating to the manner in which your overtime pay, if any, was calculated during the period from July 1, 2005 to the present.

| 8. | Do I have a lawyer in this case? |
|----|----------------------------------|

The Court has designated Attorney Peter Winebrake of The Winebrake Law Firm, LLC as Class Counsel to represent you and other class members who choose to participate in the settlement. Attorney Winebrake can be contacted at The Winebrake Law Firm, LLC, Twining Office Center, 715 Twining Road, Suite 114, Dresher, Pennsylvania 19025. His phone numbers include (215) 884-2491 or (570) 343-4308 or toll free at (866) 500-9243.

You also have the right to get your own lawyer at your own expense.

| 9. | What happens if I do nothing at all? |
|----|---------------------------------------|

**If you do nothing, you will receive no money from this settlement.** Also, if you do nothing, you will not be bound by the settlement. **You must timely submit the enclosed Consent Form to participate in this settlement and be paid.**

| 10. | Are there more details about the settlement? |
|-----|----------------------------------------------|

Yes. This Notice summarizes the most important aspects of the proposed settlement. You can get a copy of the entire Class Action Settlement Agreement by calling Class

Counsel at (215) 884-2491 or (570) 343-4308 or toll free at (866) 440-9243. Or, if you have access to the internet, you can log on to **www.winebrakelaw.com** and click the "Auto Technician Settlement" icon.

You also may read the Complaint and other pleadings related to the Lawsuit, including the Class Action Settlement and Release, during regular office hours at the Office of the Clerk of the Court, United States Courthouse, United States District Court, Middle District of Pennsylvania, 235 North Washington Avenue, Scranton, Pennsylvania 18501. Refer to Case No. 3:07-cv-00864-ARC.

PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF COURT, OR KOST TIRE DISTRIBUTORS, INC. ABOUT THIS SETTLEMENT.

Date: _____, 2007        Approved as to Form and Content:

THE HONORABLE A. RICHARD CAPUTO
Judge, United States District Court for the Middle
District of Pennsylvania

# Exhibit C

## CONSENT FORM

### Brandon Malec v. Kost Tire & Muffler, et al., 3:07-cv-00864-ARC (M.D. Pa.)
United States District Court, Middle District of Pennsylvania

To be eligible to participate in the settlement in the above-referenced action, you must complete this Consent Form and mail it (preferably in the accompanying, self-addressed envelope) so that it is postmarked no later than [*insert time deadline*] to:

> **Administrator – Kost Tire Distributors, Inc. Overtime Lawsuit**
> **Settlement Services, Inc.**
> **2032-D Thomasville Road**
> **Tallahassee, FL  32308**

**Your Name:**  _____
                            **Print CLEARLY**

**Street/P.O. Box:**  _____

**City/State/Zip:**  _____

**Primary Phone:**  _____

### CONSENT TO JOIN COLLECTIVE ACTION
#### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I have read and understand the accompanying Notice and certify that I was employed by Kost Tire Distributors, Inc. ("Kost") during some time period from July 1, 2005 to September 30, 2007. If I am deemed eligible to participate, I consent and agree to settle my legal claims against Kost under the terms described in the accompanying Notice.
2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. If I am deemed eligible, I hereby consent, agree, and opt-in to become a party to the Lawsuit and to be bound by the settlement of the Lawsuit and by any other Court orders.
3. By completing this form and accepting benefits under the settlement of this action, I release Kost Tire Distributors, Inc., Kost Tire & Muffler and Erwin Kost and their present and former parent companies, subsidiaries, affiliates, shareholders, owners, officers, directors, members, managers, employees, agents, attorneys, successors and assigns, of any claims that were asserted or reasonably could have been asserted in the civil action docketed at No. 3:07-CV-00864-ARC (M.D. Pa.) and described in the accompanying Collective Action Settlement Notice. This release includes any claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., or any similar laws.
4. I certify that the information submitted by me is true and correct, subject to prosecution for perjury under federal law.

_____     _____
Date                                          Signature

If you move after submitting this Consent Form but before receiving money from the settlement, please send a letter to Settlement Services, Inc., 2032-D Thomasville Road, Tallahassee, FL  32308 to ensure that the settlement check is forwarded to you.